DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:   ILAN STEIN
      SAMUEL DOLINGER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2525/2677
Email: Ilan.Stein@usdoj.gov
       Samuel.Dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LEGACY BUILDERS/DEVELOPERS CORP.,<br><br>                    Defendant. | No. 24 Civ. 6367<br><br>**COMPLAINT** |

The United States of America, by and through its attorney Damian Williams, United States Attorney for the Southern District of New York, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges for its complaint against defendant Legacy Builders/Developers Corp. ("Legacy"), as follows:

## INTRODUCTION

1.      Legacy has violated lead-based paint safety regulations at more than a hundred apartments in New York City by failing to take basic, mandatory safety precautions when conducting renovation work in properties that contain lead-based paint.

2.      Lead poisoning—particularly in children—can lead to severe, irreversible health problems, and the most common cause of lead poisoning is exposure to lead in lead paint dust.

Lead can affect children's brains and developing nervous systems, causing reduced IQ, learning disabilities, and behavioral problems.

3.    Since at least 2016, Legacy has been hired to conduct significant renovations in more than one hundred New York City apartments that are legally presumed to have lead paint. In scraping, dismantling, knocking down, and taking apart painted surfaces, Legacy often did not use mandatory safe work practices designed to protect residents and workers by preventing lead dust from contaminating other apartments, building common areas, or outside spaces. At times, Legacy failed to close windows and doors at worksites and failed to seal off work areas with plastic sheeting; failed to cover floor surfaces in work areas with impermeable material; failed to use High-Efficiency Particulate Air ("HEPA") vacuums; and failed to properly contain and dispose of dust and debris, instead instructing employees to use their hands or brooms to place debris in open wheeled metal containers that remained uncovered while being removed from the work sites through common areas. After completing its work, Legacy failed to perform the legally required cleaning and cleaning verification to ensure that tenants are not exposed to lead dust.

4.    Legacy also failed to provide legally required notifications and warnings to building owners or occupants of nearby apartments. And it failed to maintain or provide EPA with records, as it was required to do by regulation, to enable EPA to oversee compliance with lead-based paint laws.

5.    To protect the public health, Congress enacted Title IV of the Toxic Substances Control Act ("TSCA") and EPA promulgated regulations codified at 40 C.F.R. Part 745, Subpart E (the "Renovation, Repair, and Painting Rule" or "RRP Rule"). Legacy's conduct violated

TSCA sections 402(c), 406(b), and 407 (15 U.S.C. §§ 2682(c), 2686(b), and 2687) and the RRP Rule.

6.      The United States brings this action for an order enjoining Legacy to conduct any further renovation work in compliance with TSCA and the RRP Rule and for other equitable relief, including an order requiring it to mitigate harm caused by its misconduct.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and section 17 of TSCA, 15 U.S.C. § 2616.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations occurred in this District, and because the defendant resides and has its principal place of business in this District.

## THE PARTIES

9.      Plaintiff is the United States of America on behalf of EPA.

10.     Defendant Legacy is a New York corporation located at 519 Eighth Avenue, New York. Legacy is a firm performing renovations, as defined in 40 C.F.R. § 745.83.

## STATUTORY AND REGULATORY BACKGROUND

11.     Lead is toxic. *See* Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4851. Ingestion of even small quantities can cause serious health problems, including hypertension, kidney failure, and infertility. *Id.* Children six years old and younger are most vulnerable to the harmful effects of lead. *Id.* Even "at low levels, lead poisoning in children causes intelligence quotient deficiencies, reading and learning disabilities, impaired hearing, reduced attention span, hyperactivity, and behavior problems." *Id.*

12.     In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act, finding that "low-level lead poisoning is widespread among American children, afflicting as many as 3,000,000 children under age 6, with minority and low-income communities disproportionately affected." *Id.* § 4851(1). The Act amended TSCA to include authority for EPA to limit exposures to lead.

13.     In 2008, EPA promulgated the RRP Rule under TSCA section 402(c), 15 U.S.C. § 2682, to reduce the risk of lead exposure during renovation work by establishing training and certification requirements for individuals and renovation companies, by mandating lead-safe work practice standards for compensated renovations in most pre-1978 residential buildings, and by ensuring that owners and occupants of most pre-1978 residential buildings understand the risks of lead exposure before renovations begin.

14.     The RRP Rule applies to renovations performed for compensation in "target housing." Target housing includes most housing constructed before 1978, the year in which the federal government first banned consumer use of lead-based paint in residential housing. 40 C.F.R. § 745.103. Target housing does not include housing for the elderly or persons with disabilities (unless any child who is less than 6 years of age resides or is expected to reside in such housing) or any zero-bedroom dwelling. 40 C.F.R. § 745.103.

15.     Under the RRP Rule, "renovation" is defined as "the modification of any existing structure, or portion thereof, that results in the disturbance of painted surfaces," including "the removal of building components (e.g., walls, ceilings, plumbing, windows)" as well as "[t]he removal, modification or repair of painted surfaces or painted components (e.g., modification of painted doors, surface restoration, window repair, surface preparation activity (such as sanding, scraping, or other such activities that may generate paint dust))." 40 C.F.R. § 745.83. The RRP

Rule generally applies only to activities that disturb at least six square feet of painted surfaces per room for interior activities, involve demolition, or include window replacement. *Id.* §§ 745.82, 745.83.

16.     The RRP Rule contains certification requirements designed to ensure that firms and individuals performing renovations have been trained to minimize lead exposure. Under the RRP Rule, "[f]irms that perform renovations for compensation must apply to EPA for certification to perform renovations or dust sampling." 40 C.F.R. § 745.89(a)(1). Firms performing renovations are responsible for ensuring that the requirements of the RRP Rule are satisfied at all renovation sites. 40 C.F.R. § 745.89(d).

17.     Under the RRP Rule, all covered renovations must be performed or directed by at least one "certified renovator" who has successfully completed training in lead-safe work practices from an accredited training provider. 40 C.F.R. §§ 745.81(a)(3), 745.89(d)(2), and 745.90(a). The RRP Rule requires that certified renovators perform or direct critical tasks during the renovation, such as posting warning signs, establishing containment of the work area, and verifying cleanup of the work area after the renovation. 40 C.F.R. § 745.90(b). The RRP Rule further requires that any individual working on a renovation who is not a certified renovator be trained by a certified renovator on lead-safe work practices required by the RRP Rule. 40 C.F.R. §§ 745.81(a)(3) and 745.89(d)(1).

18.     The RRP Rule sets forth safe work-practice requirements designed to contain any lead in dust and debris found in the renovation work area. Under the RRP Rule, renovators are required to close off the entire work area by sealing doors, closing windows, and covering air ducts, among other things. 40 C.F.R. § 745.85(a)(2). The RRP Rule also requires renovators to "clean the work area until no dust, debris or residue remains" after the renovation has been

completed. 40 C.F.R. § 745.85(a)(5). Renovators must post signs "clearly defining the work area and warning occupants and other persons not involved in renovation activities to remain outside of the work area." 40 C.F.R. § 745.85(a)(1).

19.     In addition to its certification, training, and work practice requirements, the RRP Rule also requires the provision of safety information designed to inform individuals affected by the renovation work of the risks of lead exposure. 40 C.F.R. § 745.84. EPA has developed a pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" (the "Lead Hazard Information Pamphlet") to inform residents of buildings constructed before 1978 of basic facts regarding the effects of lead poisoning as well as precautions residents can take when their homes are being renovated. Renovation firms must provide the Lead Hazard Information Pamphlet to the owner of applicable housing before renovations begin and obtain either a written acknowledgment of receipt of the pamphlet from the owner or a certificate of mailing of the pamphlet at least 7 days prior to the renovation. 40 C.F.R. §§ 745.81(b), 745.83, 745.84(a), (c)(1)(i). They must also provide the pamphlet to an occupant if the owner does not occupy the unit; must obtain either a written acknowledgement of receipt from the occupant or a certification of delivery to dwelling; and must provide additional notice to tenants potentially affected by work in a building common area. 40 C.F.R. § 745.84(a)(2)(i), 745.84(b)(2).

20.     The RRP Rule requires renovation firms to establish, maintain, and, if requested, make available to EPA all records necessary to demonstrate compliance with the RRP Rule requirements described above. 40 C.F.R. §§ 745.86(a) and (b), 745.87(b). The records that must be retained and made available on request include "documentation that a certified renovator was assigned to the project, that the certified renovator provided on-the-job training for workers used

on the project, that the certified renovator performed or directed workers who performed all of the tasks described in § 745.85(a), and that the certified renovator performed the post-renovation cleaning verification described in § 745.85(b)."

21.    Violation of the RRP Rule is a prohibited act under section 409 of TSCA, 15 U.S.C. § 2689, and thus constitutes a violation of the statute.

22.    Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides federal district courts with jurisdiction to restrain any violation of section 409 of TSCA, 15 U.S.C. § 2689.

23.    Section 16(a) of TSCA, 15 U.S.C. § 2615(a), imposes liability for civil penalties for violations of section 409, to be assessed by EPA in an administrative proceeding in an amount up to $48,512 per violation per day for violations occurring after November 2, 2015. 88 Fed. Reg. 89,309 (Dec. 27, 2023). The United States reserves the right to contend that violations found by the finder of fact in this judicial matter will, under the doctrine of collateral estoppel, control in a future administrative proceeding for civil penalties.

## LEGACY'S VIOLATIONS OF TSCA AND THE RRP RULE

24.    Between 2016 and 2020, Legacy performed renovation work at hundreds of residential apartments across numerous buildings, including at the following addresses: 160 E. 48th Street (Manhattan); 200 E. 62nd Street (Manhattan); 241 Central Park West (Manhattan); 515 E. 89th Street (Manhattan); and 45 White Street (Manhattan).

25.    Each of the buildings at these addresses was built before 1978. Three of the five were built before 1940, and one was built in 1942. According to the American Healthy Homes Survey conducted by U.S. Department of Housing and Urban Development Office of Healthy Homes and Lead Hazard Control, an estimated 87% of residential buildings built before 1940 are likely to have lead paint, and 69% of buildings constructed between 1940 and 1960 are likely to

have lead paint. There is no indication that any of the apartments where Legacy performed renovation work at the above-referenced locations are zero-bedroom units, senior housing, or housing for the disabled. The properties in which Legacy performed renovation work are therefore target housing presumed to contain lead-based paint and are covered by TSCA and the RRP Rule.

26.    Legacy did not receive, prior to performing the work, a copy of a determination of a certified renovator, lead risk assessor, or lead-based paint inspector that the units were lead-based-paint free, as provided by 40 C.F.R. § 745.82(a)(1), nor did it perform the tests provided by 40 C.F.R. § 745.82(a)(2) or (a)(3).

27.    Legacy disturbed at least six square feet per room of painted interior surfaces at each of the renovation project sites listed in paragraph 24.

28.    Legacy was compensated for the renovation work it performed at each of these buildings.

*Legacy's Failure to Comply with Lead Safe Work-Practice Requirements*

29.    Legacy repeatedly failed to comply with lead paint safe work-practice requirements, risking exposure of tenants, Legacy's workers, and others at and near Legacy's work sites to lead paint dust. Legacy failed to contain work areas by closing doors and windows, failed to cover floor surfaces at work sites, failed to contain dust and debris, failed to properly dispose of dust and debris, and failed to conduct post-renovation cleaning and cleaning verification. Legacy's failure to comply with required work practice standards threatened the health and safety of workers and tenants alike.

30.    During a September 7, 2017 inspection by EPA of work areas in Tower 3 at 160 E. 48th Street, inspectors observed open windows and doors in two apartments at which

demolition work was still under way. Inspectors also observed that no sheeting or other floor covering was installed in the two apartments where demolition work was still being performed.

31.    The photograph below, taken during EPA's September 7, 2017, inspection at 160 E. 48th Street, depicts a bathroom in one of the apartments under renovation at that address. It reflects an open window, uncontained painted debris, and dust on the floor, which was not covered by sheeting or other floor covering, all in violation of lead paint safe work-practice requirements under the RRP Rule.



32.    Following EPA's September 7, 2017, inspection of Legacy work sites in Tower 3 at 160 E. 48th Street, EPA issued an Information Request Letter ("EPA Information Request") on January 24, 2018, seeking additional information about the renovation project at that site. In

records attached to its responses, Legacy conceded that it had failed to follow certain required work practices, including (i) covering floors surfaces; (ii) containing waste on-site and while being transported off-site; and (iii) conducting the required post-renovation cleaning verification.

33.    Beyond the results of EPA's own inquiries, earlier in 2017 inspectors from the New York City Department of Health and Mental Hygiene ("DOHMH") had performed two inspections—on April 14 and August 17—at 160 E. 48th Street in Manhattan.  They reported observing dust and debris in hallways, common areas, and the vacant apartments being renovated. They also collected ten dust wipe samples for lead lab analysis during each of the two inspections. Four of the ten dust wipe samples from the April 14, 2017 inspection, and eight of the ten dust wipe samples from the August 17, 2017 inspection, exceeded federal lead hazard standards.

34.    A former Legacy employee interviewed by the U.S. Attorney's Office has confirmed that no plastic sheets or other protective coverings were placed on the floor during demolition work at 160 E. 48th Street.

35.    Similarly, at Legacy's renovation worksite at 515 E. 89th Street, a former Legacy employee confirmed that doors and windows at the job site were left open throughout the time that he worked there, and another former employee has confirmed that Legacy did not use plastic sheeting to contain the work area. The second employee explained that this was consistent with Legacy's general practice of only intermittently using tarps or plastic sheeting to isolate work areas at project sites.

36.    When they completed work at various sites, including at 515 E. 89th Street and 160 E. 48th Street, Legacy employees used their hands, brooms, shovels, and dustpans to pick up debris and placed them in plastic bags or open wheeled metal containers, which were taken

through common areas of the building and then down elevators and out of the building. Once the debris was removed, workers simply swept and mopped the workspace.

37.     Legacy failed to use HEPA vacuums at its projects, creating a risk that lead paint dust lingered in the air and potentially contaminated adjacent areas. Former employees have specifically confirmed to the U.S. Attorney's Office that no HEPA vacuums were used at 515 E. 89th Street, 241 Central Park West, 45 White Street, or 160 E. 48th Street.

38.     Legacy did not verify that post-renovation cleaning had been performed at any of the other renovation project sites listed in paragraph 24.

*Legacy's Failure to Obtain Firm Certification*

39.     Legacy violated TSCA and the RRP Rule by performing renovations at 160 E. 48th Street and at 200 E. 62nd Street without a valid RRP Firm Certification.

40.     EPA records show that Legacy had an EPA RRP Firm Certification (NAT-25789-1) from April 2, 2010, to April 16, 2015.

41.     Legacy did not have a valid RRP Firm Certification during the time work was performed at 200 E. 62nd Street, which took place between June 2016 and June 2017.

42.     Legacy also did not have a valid RRP Firm Certification during the demolition phase of work performed at 160 E. 48th Street, which took place between September 2016 and August 2017.

43.     Legacy's response to the EPA Information Request documented the firm's failure, among other things, to have a firm certification at the time of this project that disturbed paint in over 100 apartments, as it provided only a firm certification dated in October 2017, after the renovation work described above had been performed.

*Legacy's Failure to Use Certified Renovators*

44.     Legacy violated TSCA and the RRP Rule for certain renovation work performed at 160 E. 48th Street and for renovation work performed at 200 E. 62nd Street by failing to assign a certified renovator to direct the renovations.

45.     Legacy failed to assign a certified renovator to the demolition phase of work performed at 160 E. 48th Street, which took place between September 2016 and August 2017.

46.     In response to the EPA Information Request, in which EPA inquired whether a certified renovator performed on-the-job training for uncertified workers at 160 E. 48th Street, Legacy responded "yes" and identified an individual as the assigned renovator. However, that individual became a certified renovator on September 19, 2017, 22 days after EPA conducted its inspection of the worksite and approximately six months after demolition work had begun. Indeed, when EPA inspectors visited Tower 3 of the 160 E. 48th Street project site on September 7, 2017, Legacy's project superintendent stated that there was no certified renovator on-site. Accordingly, notwithstanding Legacy's statement to the contrary, no certified renovator was present at the site for the first six months of work.

47.     Legacy also failed to assign a certified renovator to the work performed at 200 E. 62nd Street, which took place between June 2016 and June 2017. In response to an inquiry by the U.S. Attorney's Office on behalf of EPA as to whether a certified renovator was assigned to the work performed at 200 E. 62nd Street, Legacy responded "yes, to the best of our knowledge." However, as noted above, the only individual Legacy has identified did not become a certified renovator until September 19, 2017, several months after Legacy's work at 200 E. 62nd Street was completed in June 2017, and therefore Legacy did not have a certified renovator assigned to this project.

*Legacy's Failure to Ensure Proper Training*

48.    Legacy further violated TSCA and the RRP Rule during renovation work at the renovation project sites identified above in paragraph 24 by failing to ensure that all other persons performing the renovations received training on work practice standards required by the RRP Rule.

49.    For example, in connection with the project at 160 E. 48th Street, in response to EPA's Information Request, Legacy identified only three employees who were purportedly trained to perform lead-safe work practices. The 160 E. 48th Street project involved renovation work performed at 103 units, far too many to have been renovated by only three employees, especially if they were complying with the requirements of the RRP Rule (including site containment, waste containment, and post-demolition clean-up).

50.    Former Legacy employees have confirmed that, at additional locations where they performed work for Legacy, they did not receive training from a certified renovator.  Former Legacy employees indicated, for example, as follows:

   a.  Worker 1, a painter whose work included scraping and sanding existing painted surfaces at 515 E. 89th Street, received no training related to lead safety while employed at Legacy, and no one spoke to him about the possible presence of lead or mentioned whether surfaces at 515 E. 89th Street had been tested for lead.

   b.  Worker 2, a laborer and painter, worked at Legacy for more than 10 years. He conducted demolition, clean-up, and painting work at various locations, including at 515 E. 89th Street. Worker 2 never received any training related to

lead safety. In fact, throughout his employment at Legacy, no one spoke to him about required work practice standards.

c.   Worker 3, an assistant project manager, had no knowledge of and was never trained in lead safety requirements. In all the interactions he had at Legacy, nobody ever spoke to him about required work practice standards.

d.   Worker 4, a project manager who worked on several residential renovation projects, including at 515 E. 89th Street, was never provided any safety training at Legacy; no one spoke to him, or inquired about, lead safety at any of the job sites where he was the project manager.

e.   Worker 5, who worked at Legacy as a supervisor for 5 years, never received any lead safety training. No one from Legacy ever spoke to him about lead or lead safety on any of the projects he did.

f.   Worker 6, a laborer involved in demolition work at various sites, including 515 E. 89th Street, was never trained on required work practice standards. Throughout his employment at Legacy, nobody ever discussed lead safety with him.

g.   Worker 7, a project manager who worked on approximately 20 project sites while employed at Legacy, never received training or instruction related to required work practice standards.

h.   Worker 8, a field superintendent who worked at Legacy for approximately 3 years, during which he worked on various project sites including at 160 E. 48th Street, was never provided any training in required work practice standards or any other safety topics.

i.  Worker 9, a carpenter who worked at Legacy for approximately four years and was involved in demolition work at 160 E. 48th Street, never received any training in required work practice standards.

*Legacy's Failure to Provide Lead Hazard Warnings and Information*

51.    Legacy systematically violated TSCA and the RRP Rule in connection with the renovation project sites listed in paragraph 24 by failing to post signs warning building occupants and others in the area to remain outside of the worksite and by failing to provide the Lead Hazard Information Pamphlet as required.

52.    With respect to the project in Tower 3 at 160 E. 48th Street, EPA's September 7, 2017, inspection revealed that Legacy had not posted any warning signs, including at the units at which EPA inspectors observed that active work was taking place. Legacy's response to the EPA Information Request conceded that Legacy failed to post warning signs prior to the start of the renovations at that site.

53.    Former Legacy employees confirmed that Legacy did not post warning signs at various work sites, including at 515 E. 89th Street and 160 E. 48th Street.

54.    Legacy also violated TSCA and the RRP Rule in connection with the renovation project sites identified in paragraph 24 by failing to provide the Lead Hazard Information Pamphlet as required by the regulations.

55.    As to the project at 160 E. 48th Street, Legacy stated in response to the EPA Information Request that it had provided the Lead Hazard Information Pamphlet to the owner, but conceded that it failed to obtain a written acknowledgment of receipt or certification of mailing. Legacy also admitted that it had not provided the Lead Hazard Information Pamphlet to the occupants of the property.

- 15 -

56.     As to the remaining renovation project sites identified in paragraph 24, Legacy

stated in response to information requests from the U.S. Attorney's Office that, "to the best of

[its] knowledge," it had provided the Lead Hazard Information Pamphlet both to the owners and

occupants (if different from owners) prior to the start of work. However, Legacy failed to

provide any evidence it had done so and did not produce the required written acknowledgments

of receipt or certifications of mailing or delivery.

*Legacy's Failure to Maintain and Produce Records*

57.     Legacy violated TSCA and the RRP Rule by failing to retain and produce records

necessary to demonstrate compliance with lead-safe work practices.

58.     In the EPA Information Request in connection with the renovation work at 160 E.

48th Street, EPA requested that Legacy submit any records documenting that lead-safe work

practices were followed. In response, Legacy submitted work practice records that were

inadequate to fulfill regulatory requirements, including by containing information not accurately

reflecting the circumstances of the job. For instance, one of the records Legacy provided

inaccurately stated that certain RRP Rule requirements were not applicable. Other records

asserted that certain work practice requirements had been followed, a claim belied by the

observations of EPA and DOHMH inspectors.

59.     Legacy has similarly failed to produce records necessary to demonstrate

compliance with the required work practice standards at any of the other renovation project sites

listed in paragraph 24. Although Legacy claimed in its responses to information requests from

the U.S. Attorney's Office that a former employee took all relevant records with him when he

left the company, that individual has denied doing so—and in any event under the RRP Rule it is

Legacy's responsibility to ensure that it retained copies of records for renovations it performed.

*Legacy's Conduct Risks Harm to the Public*

60.     Legacy performed renovation work in target housing without EPA certification. Legacy has performed renovations while materially out of compliance with TSCA and the RRP Rule's required work practice standards and requirements to inform building tenants and owners of the dangers of lead paint. In light of the pervasive nature of Legacy's repeated violations, the United States believes Legacy's violations of the RRP Rule are highly likely to be ongoing.

61.     Legacy's pervasive violation of the RRP Rule poses a serious risk of harm. First, Legacy's repeated failure to ensure that its renovation sites are contained and to inform occupants of potential lead hazards presents significant risks of lead poisoning to individuals— particularly children—living in apartments and homes neighboring the work site. Moreover, Legacy's failure to ensure that its worksites are supervised by a certified renovator who could train workers on the required work practice standards similarly presents a significant risk to the health of workers who are exposed to dust and debris potentially containing lead resulting from the work they are performing and carrying such lead dust to their homes on their clothing. And Legacy's failure to maintain and provide to EPA records of its compliance with the RRP Rule has hampered EPA's ability to enforce TSCA and the RRP Rule in order to protect public safety.

**FIRST CLAIM FOR RELIEF**

**Violations of TSCA and the RRP Rule:**
**Failure to Use Certified Renovators and Ensure Proper Training**
**(15 U.S.C. § 2689; 40 C.F.R. §§ 745.81(a)(3), 745.89(d)(1), and 745.89(d)(2))**

62.     The United States restates the allegations of paragraphs 1 to 61, above.

63.     The RRP Rule requires that a renovation firm assign a certified renovator to renovation work on target housing and that the certified renovator provide on-the-job training to

any employees who are not certified renovators. 40 C.F.R. §§ 745.81(a)(3), 745.89(d)(1), and

745.89(d)(2).

64.     Legacy has repeatedly violated the certified renovator and on-the-job training

requirements of the RRP Rule.

65.     Legacy's violations of the RRP Rule's certification and training requirements

threaten irreparable harm to the health and safety of residents and workers. These activities

likewise threaten irreparable harm to the United States' interest in protecting the public from the

harmful effects of lead exposure.

66.     Pursuant to sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, the Court

should issue an order (i) enjoining Legacy to perform all future renovation work on target

housing in compliance with TSCA and the RRP Rule, (ii) requiring Legacy to mitigate the harms

resulting from its violations of TSCA and the RRP Rule, and (iii) providing all other available

equitable remedies.

**SECOND CLAIM FOR RELIEF**

**Violations of TSCA and the RRP Rule:**
**Failure to Provide Lead Hazard Warning and Lead Hazard Information**
**(15 U.S.C. § 2689; 40 C.F.R. §§ 745.84(a)(1) and 745.85(a)(1))**

67.     The United States restates the allegations of paragraphs 1 to 66, above.

68.     The RRP Rule requires firms to "post signs clearly defining the work area and

warning occupants and other persons not involved in renovation activities to remain outside of

the work area." 40 C.F.R. § 745.85(a)(1). It further requires firms to provide the owner of target

housing with a Lead Hazard Information Pamphlet explaining the risks of lead exposure and

"[o]btain, from the owner, a written acknowledgment that the owner has received the pamphlet,"

or "[o]btain a certificate of mailing at least 7 days prior to the renovation." *Id.* § 745.84(a)(1)(i)-

(ii). The RRP Rule also requires firms to provide the pamphlet to an occupant if the owner does

not occupy the unit and obtain either a written acknowledgement of receipt from the occupant or

a certification of delivery to dwelling; and must provide additional notice to tenants potentially

affected by work in a building common area. 40 C.F.R. § 745.84(a)(2), (b)(2).

69.     Legacy has systematically failed to comply with these requirements.

70.     Legacy's violations of these requirements threaten irreparable harm to the health

and safety of residents, building visitors, and workers. These activities likewise threaten

irreparable harm to the United States' interest in protecting the public from the harmful effects of

lead exposure.

71.     Pursuant to sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, the Court

should issue an order (i) enjoining Legacy to perform all future renovation work on target

housing in compliance with TSCA and the RRP Rule, (ii) requiring Legacy to mitigate the harms

resulting from its violations of TSCA and the RRP Rule, and (iii) providing all other available

equitable remedies.

**THIRD CLAIM FOR RELIEF**

**Violations of TSCA and the RRP Rule:**
**Failure to Comply with Required Work Practice Standards**
**(15 U.S.C. § 2689; 40 C.F.R. § 745.85(a) and (b))**

72.     The United States restates the allegations of paragraphs 1 to 71, above.

73.     The RRP Rule requires that renovation firms meet mandatory lead-safe work

practice standards to ensure that dust and debris are contained during interior renovation projects

that may disturb lead paint, including that they "[c]lose windows and doors in the work area" and

maintain "[d]oors . . . covered with plastic sheeting or other impermeable materials," 40 C.F.R.

§ 745.85(a)(2)(i)(C); "[c]over the floor surface . . . with taped-down plastic sheeting or other

impermeable material in the work area," *id.* § 745.85(a)(2)(i)(D); and "[u]se precautions to ensure that all personnel, tools, and other items, including the exteriors of containers of waste, are free of dust and debris before leaving the work area," *id.* § 745.85(a)(2)(i)(E). The RRP Rule also requires post-renovation cleaning verification, including visual inspection to determine whether dust, debris or residue is still present, verification that all windowsills have been adequately cleaned, and verification that uncarpeted floors and countertops have been adequately cleaned. *Id.* § 745.85(b).

74.    Legacy has systematically failed to comply with these requirements.

75.    Legacy's violations of the RRP Rule's required work practice standards threaten irreparable harm to the health and safety of residents, neighbors, pedestrians, and workers. These activities likewise threaten irreparable harm to the United States' interest in protecting the public from the harmful effects of lead exposure.

76.    Pursuant to sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, the Court should issue an order (i) enjoining Legacy to perform all future renovation work on target housing in compliance with TSCA and the RRP Rule, (ii) requiring Legacy to mitigate the harms resulting from its violations of TSCA and the RRP Rule, and (iii) providing all other available equitable remedies.

### FOURTH CLAIM FOR RELIEF

**Violations of TSCA and the RRP Rule:**
**Failure to Retain and Make Available Records Demonstrating**
**Compliance with the RRP Rule**
**(15 U.S.C. § 2689; 40 C.F.R. §§ 745.86(a), 745.87(b))**

77.    The United States restates the allegations in paragraphs 1 to 76 above.

78.     The RRP Rule requires firms performing renovations to "retain and, if requested, make available to EPA all records necessary to demonstrate compliance with this subpart for a period of 3 years following completion of the renovation." 40 C.F.R. § 745.86(a). "Failure or refusal to establish and maintain records or to make available or permit access to or copying of [such] records . . . is a violation of TSCA." *Id.* § 745.87(b).

79.     Legacy has not complied with this provision of the RRP Rule. Despite multiple requests from EPA and the U.S. Attorney's Office for records related to Legacy's renovation work, Legacy has provided inadequate and inaccurate records for 160 E. 48th Street and has failed to make any records available for other sites.

80.     Legacy's violations of the RRP Rule's recordkeeping requirements have hampered EPA's ability to monitor Legacy's compliance with TSCA and the RRP Rule, threatening irreparable harm to the health and safety of people living in or near buildings Legacy renovates, visitors to these buildings, and untrained workers involved in these renovations. These activities likewise threaten irreparable harm to the United States' interest in protecting the public from the harmful effects of lead exposure.

81.     Pursuant to sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, the Court should issue an order (i) enjoining Legacy to perform all future renovation work on target housing in compliance with TSCA and the RRP Rule, (ii) requiring Legacy to mitigate the harms resulting from its violations of TSCA and the RRP Rule, and (iii) providing all other available equitable remedies.

## FIFTH CLAIM FOR RELIEF

### Violations of TSCA and the RRP Rule:
### Failure to Obtain Firm Certification
### (15 U.S.C. § 2689; 40 C.F.R. §§ 745.89(a)(1) and 745.81(a)(2)(ii))

82.     The United States restates the allegations of paragraphs 1 to 81, above.

83.     The RRP Rule requires firms to obtain a valid RRP firm certification prior to performing renovation work on target housing. 40 C.F.R. §§ 745.89(a)(1) and 745.81(a)(2)(ii).

84.     Legacy performed renovation work at 160 E. 48th Street and 200 E. 62nd Street without having obtained a valid certification from EPA, in violation of 40 C.F.R. §§ 745.89(a)(1) and 745.81(a)(2)(ii) and 15 U.S.C. § 2689.

85.     Legacy's violation of the RRP Rule's certification requirement threatens irreparable harm to the health and safety of residents and workers. These activities likewise threaten irreparable harm to the United States' interest in protecting the public from the harmful effects of lead exposure.

86.     Pursuant to sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 and 2689, the Court should issue an order (i) enjoining Legacy to perform all future renovation work on target housing in compliance with TSCA and the RRP Rule, (ii) requiring Legacy to mitigate the harms resulting from its prior violations of TSCA and the RRP Rule, and (iii) providing all other available equitable remedies.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

i.      Enter judgment against Legacy and in favor of the United States for the violations alleged in this complaint;

ii.     Enjoin Legacy to comply with TSCA and the RRP Rule;

iii.    Order Legacy to mitigate the harms resulting from its conduct; and

iv.    Grant such other and further equitable and other relief as the Court deems just and

appropriate.


Dated: August 22, 2024
        New York, New York

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                            By:     *Ilan Stein*
                                        ILAN STEIN
                                        SAMUEL DOLINGER
                                        Assistant United States Attorneys
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2525/2677
                                        Email:  Ilan.Stein@usdoj.gov
                                                Samuel.Dolinger@usdoj.gov


OF COUNSEL:

Karen Taylor
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2

- 23 -